UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDY MCKEE and SHEILA MCKEE, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>CHELAN COUNTY, a County existing under Washington law; CHELAN COUNTY SHERIFF'S OFFICE, a subdivision of Chelan County; and CHELAN COUNTY FIRE DISTRICT NO. 6, a fire district existing under Washington law,<br><br>Defendants. | No. 2:14-CV-0204-SMJ<br><br>**ORDER GRANTING DEFENDANT CHELAN COUNTY FIRE DISTRICT NO. 6'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, is Defendant Chelan County Fire District No. 6's Motion for Summary Judgment, ECF No. 15. Defendant Chelan County Fire District No. 6 seeks dismissal of Plaintiffs' claims, with prejudice, as to all matters against it. Plaintiffs oppose the motion. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants the motion.

//

# I. BACKGROUND

## A. Factual Background[1]

On July 30, 2010, Defendant Chelan County Sherriff's Office (Sherriff's Office) dispatch received a 911 call regarding a fire in Nahahum Canyon, Chelan County, Washington. ECF No. 18-5 at 39. Defendant Chelan County Fire District No. 6's (Fire District) Chief Phil Mosher responded to a RiverCom dispatch report about the fire. ECF No. 16 at 6-7. Because Chief Mosher was first to respond to the fire, he was deemed "Incident Command." ECF No. 17 at 2-3. At 3:49 p.m., Chief Mosher observed two additional fires and radioed RiverCom to request the Sherriff's Office establish a roadblock at the bottom of Nahahum Canyon Road and to "[allow] no one up [Nahahum Canyon Road] unless fire units or aid." ECF No. 16 at 6.

At approximately 5:00 p.m., Plaintiff Randy McKee arrived at the sheriffs' roadblock and requested permission to pass and access his real property on Nahahum Canyon Road. ECF No. 26 at 2. Upon Plaintiff's request, Sheriff Sergeant Sisson radioed Chief Mosher and informed him of Mr. McKee's presence. ECF No. 27-1 at 11. Chief Mosher stated Mr. McKee should not be granted permission to pass the roadblock because "it was a critical time in the

---

[1] In ruling on the motion for summary judgment, the Court has considered the facts and all reasonable inferences have been made in light most favorable to the party opposing the motion. *See Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).

fire." *Id.* The sheriffs denied Mr. McKee permission to pass the roadblock and instructed him to speak with the Washington State Department of Natural Resources (DNR), which had a command center at the Chelan County Fairgrounds. ECF No. 26 at 3.

Upon Mr. McKee's arrival at the fairgrounds, DNR stated they were not in command of the Nahahum Canyon fire and that the Sheriff's Office was instead responsible for the roadblock. *Id.* Mr. McKee returned to the roadblock but the sheriffs instructed him to return to DNR's command center. Plaintiff returned to DNR, and was again instructed that the sheriff's controlled the roadblock. *Id.* at 3-4. At approximately 5:45 p.m., Mr. McKee arrived at the roadblock a third time and "spoke with individuals, including several firefighters," who told him the fire was south of his property. *Id.* at 4. At approximately 10:00 p.m., Mr. McKee learned the fire had breached his property. *Id.* Mr. McKee alleges he never spoke with Chief Mosher on the day of the fire. ECF No. 25 at 3-4. As a result of the fire, Plaintiffs suffered damage to their real property, an excavator, building materials, and other personal property. ECF No. 10 at 3.

Chief Mosher spoke with Sergeant Sisson about the instant lawsuit several times before 2013. ECF No. 31-1 at 8-9. One discussion occurred at Sergeant Sisson's office. ECF No. 31-3 at 26. Other discussions may have occurred at Fire Chief meetings, Central Washington Fire Chief Meetings, or RiverCom

Operations Group meetings because the two often attended these meetings together. ECF No. 31-3 at 26. Chief Mosher also spoke with Chelan County's counsel in 2013 about the fire and roadblock. ECF No. 27 at 17.

Plaintiffs did not realize the Fire District was a relevant party to their claim until July 22, 2013, when Chelan County answered in an interrogatory that the Fire District called for the closure of Nahahum Canyon Road. ECF No. 28 at 3.

**B. Procedural Background**

Plaintiffs filed the present action against Defendants Chelan County and Chelan County Sheriff's Office in the Superior Court of the State of Washington in Grant County on December 11, 2012. ECF No. 1 at 2. On March 13, 2014, Plaintiffs and Defendants Chelan County and Chelan County Sherriff's Office stipulated that Plaintiffs be able to amend their complaint and add Chelan County Fire District No. 6 as a defendant. ECF No. 2-4. Plaintiffs filed their first Amended Complaint on April 14, 2014. ECF No. 18-7. Plaintiffs served Chief Mosher with copies of the Summons and the Amended Complaint on May 20, 2014. ECF No. 28. Defendants then removed the case to this Court for resolution of a federal question under 28 U.S.C. § 1331. ECF No. 1.

In the second Amended Complaint, Plaintiffs claim Defendants (1) failed to allow Plaintiffs access to their property owned in Chelan County to conduct fire prevention and suppression, causing property damage in violation of Chapter

47.28 RCW and Chapter 38.28A RCW; (2) acted negligently in denying Plaintiffs access to their property; and (3) deprived Plaintiffs of their property without due process in violation of 42 U.S.C. § 1983. ECF No. 10.

Defendant Chelan County Fire District No. 6 moves for summary judgment, arguing that the first Amended Complaint cannot relate back to the original complaint because the Fire District did not receive notice of the action within the statutory period, or have knowledge that, but for a mistake in its identity, Plaintiffs would have added it to the action. ECF No. 15. In addition, the Fire District argues that Plaintiffs' failure to ascertain its identity constitutes "inexcusable neglect" because Plaintiffs did not attempt to obtain public records to discover all relevant parties. *Id.* Plaintiffs disagree and argue the Fire District had notice of the action; should have known that, but for a mistake, Plaintiffs would have added it to the action before the statutory period expired; and Plaintiffs' failure to timely file a complaint against the Fire District does not constitute inexcusable neglect. ECF No. 24.

## II. <u>ANALYSIS</u>

### A. Summary Judgment Standard

The Court shall grant summary judgment in favor of a moving party who demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The

party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to identify specific facts showing there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.
A fact is material if it could affect the outcome of the suit under governing law. *Id.* A dispute involving such facts is genuine when a reasonable jury could find in favor of the non-moving party. *Id.* The Court determines if a fact is material by viewing it in the light most favorable to the nonmoving party. *Young v. United Parcel Service, Inc.*, 135 S.Ct. 1338, 1347 (2015).

**B. Washington Law Governs Relation Back**

Motions based on procedural issues that arise prior to the case's removal to federal court are governed by state law. *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 682 (9th Cir. 1980). Accordingly, Washington law governs whether Plaintiffs' first Amended Complaint relates back to the original complaint because Defendants removed the action to this Court after Plaintiffs first served the Fire District. Therefore, this Court applies Washington State Superior Court Civil Rule 15(c) and not Federal Rule of Civil Procedure 15(c)(1).

**C. Relation Back Standard**

The statute of limitations period for Plaintiffs' state law and 42 U.S.C. § 1983 actions is three years. RCW 4.16.080(2); *See also City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 691 (1999) (explaining that all § 1983 actions should be characterized as personal injury tort actions). For an amended pleading to relate back under Washington law, the plaintiff must prove the defendant "has (1) received such notice of the institution of the action that the added party will not be prejudiced in maintaining her or his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the new party." CR 15(c); *Martin v. Dematic*, 182 Wn.2d 281, 288-89 (2014).

In addition to CR 15(c)'s textual requirements, Washington does not permit an amended complaint to relate back if the delay was due to "inexcusable neglect." *Id.* at 288-91. The defendant bears the initial burden of producing evidence that shows its identity "was easily ascertainable by the plaintiff." *Martin*, 182 Wn.2d at 291. Upon meeting this burden, the plaintiff then must prove he had "a reasonable excuse or . . . exercised due diligence" in determining the defendant's identity before the statute of limitations expired. *Id.*

Here, even if Plaintiffs can meet CR 15(c)'s textual requirements, their failure to timely amend the complaint constitutes inexcusable neglect.

1. Textual requirements

First, the defendant must have had prior notice of the lawsuit so it would not be prejudiced if joined to the action. CR 15(c)(1); *Kommavongsa v. Haskell*, 149 Wn.2d 288, 317 (2003). In determining prejudice, the Court considers whether the amended pleading is the result of undue delay, unfair surprise, or if it would be an exercise in futility. *Watson v. Emard*, 165 Wn. App. 691, 699 (2011). Here, the Fire District contends it did not know about Plaintiffs' action against Chelan County and the Sherriff's Office before the statute of limitations expired on July 30, 2013. ECF No. 15 at 5. However, Chief Mosher spoke with Sergeant Sisson about the Plaintiffs' lawsuit several times before 2013. ECF No. 31-1 at 8-9. Under these circumstances, the Court does not find that the Fire District faces prejudice as a result of lacking prior notice of the action.

Second, the defendant must have "kn[own] or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [it]." CR 15(c)(2); *Martin*, 182 Wn.2d at 288-89. The Fire District argues it did not know that, but for a mistake of its identity, the action would have been brought against it. However, Chief Mosher acted as "Incident Command" during the fire, ECF No. 17 at 2-3, and made the request to RiverCom dispatch to have the Sheriff's Office establish the roadblock at the bottom of Nahahum Canyon Road. ECF No. 27-1 at 9. Chief Mosher also made the decision

to have the Sheriff's Office allow "no one up unless fire units or aid." ECF No. 16 at 6. In addition, Sergeant Sisson of the Sheriff's Office informed Chief Mosher of Plaintiff's initial arrival at the roadblock and Chief Mosher responded that Plaintiff should not be granted access to pass because "it was a critical time in the fire." ECF No. 27-1 at 11. Finally, Chief Mosher spoke with Sergeant Sisson about the instant lawsuit several times. ECF No. 31-1. Chief Mosher's involvement with the roadblock's creation, his decision to deny Plaintiff access to his property, and his discussions with Sergeant Sisson about Plaintiffs' lawsuit indicate the Fire District knew that, but for a mistake, Plaintiffs would have brought an action against it.

2. <u>Inexcusable neglect</u>

A defendant may only be added to an action after the statute of limitations expires if the "delay was not due to inexcusable neglect." *Martin*, 182 Wn.2d at 290. If the defendant's identity was readily available during the statute of limitations from public sources or upon a reasonable investigation, the failure to ascertain the defendant's identity constitutes inexcusable neglect. *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 174 (1987). A court will find inexcusable neglect where "the information necessary to properly implead the parties was readily available . . . [and the] attorney simply did not inquire." *S. Hollywood Hills Citizens Ass'n for Pres. of Neigh. Safety and Env't v. King*

*County*, 101 Wn.2d 68, 78 (1984). The defendant holds the initial burden of showing its identity was readily available. *Martin*, 182 Wn.2d at 290-291. If the defendant produces sufficient evidence, the burden shifts to the plaintiff who must "give a reason for failing to ascertain the identity of the defendant." *Id.*[2] However, "delay due to 'a conscious decision, strategy or tactic' constitutes inexcusable neglect." *Segaline v. State, Dept. of Labor and Industries*, 169 Wn.2d 467, 477 (2010) (quoting *Stansfield v. Douglas Cnty.*, 146 Wn.2d 116, 121) (finding inexcusable neglect where plaintiff amended complaint nine months after learning defendant's identity).

i. Whether the Fire District's identity was readily available

First, the Fire District must show its identity was readily available. Here, because the Fire District's identity and role in the fire was ascertainable from public records, Defendant's burden has been met. The pleadings demonstrate (1) Chelan County's Communication Log from the fire show that Chief Mosher established Nahahum Command; (2) DNR's public records specifically identify Chief Mosher as the fire's Incident Command; (3) Defendant Chelan County's July 18, 2013 interrogatory response states the Fire District was responsible for fighting the fire and establishing the roadblock; and (4) Plaintiff knew the Fire

[2] *See Haberman*, 109 Wn.2d at 174 (1987) (finding inexcusable neglect where Defendants' identities were available in court records and Secretary of State annual reports); *S. Hollywood Hills*, 101 Wn.2d at 77-78 (1984) (finding inexcusable neglect where party failed to check county records).

District fought the fire because he asked Chief Mosher to write him a letter regarding the contents of his storage units on the property. ECF No. 16 at 3-4, 10-12.

Because the Fire District's identity was readily available to Plaintiffs in DNR's public records, and would have been revealed upon a reasonable investigation, Plaintiffs acted with inexcusable neglect unless they can advance a reasonable excuse for failing to ascertain the Fire District's identity. *Martin*, at 291.

ii. Whether Plaintiffs had a reasonable excuse for failing to ascertain the Fire District's identity

Plaintiffs did not act with inexcusable neglect if they can offer a reasonable excuse for failing to discover the Fire District's identity prior to the statute of limitation's expiration. Plaintiffs cannot do so. Instead, they offer only conclusory statements that they performed a reasonable investigation and inquiry. ECF No. 28. Mr. McKee admits that on July 30, 2010, he spoke with DNR officials two times and with "several firefighters" after arriving at the roadblock for the third time. ECF No. 26 at 3-4. Plaintiffs' assertion that they lacked "information indicating that any other person or entity was responsible," ECF No. 28, does not sufficiently explain why they failed to obtain documents available through a public records request to DNR, or any other public agency involved with the fire.

The evidence shows that had Plaintiffs conducted reasonable research, they could have ascertained the Fire District's identity and amended the complaint within the statute of limitations. The Fire District has shown its identity was readily available in various public records, and Plaintiffs have not adequately explained why they did not investigate these public records, nor do they meaningfully explain what research was conducted. Finally, even after discovering the Fire District's connection to their complaint, Plaintiffs waited nine months before amending the complaint to include the Fire District. As a result, Plaintiffs' failure to add the Fire District to the action before the statutorily permissible period expired constitutes inexcusable neglect.

## IV. CONCLUSION

Therefore, the Court grants Defendant's motion for summary judgment, finding the record in this matter demonstrates Plaintiffs' delay in amending the complaint was due to inexcusable neglect.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendant Chelan County Fire District No. 6's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED.**

**2.** **JUDGMENT** is to be entered in Chelan County Fire District No. 6's favor.

**3.** Defendant's Motion for Summary Judgment Re: Plaintiff's Substantive Claims, **ECF No. 44**, is **DENIED as moot**.

**4.** The Clerk's Office is directed to **AMEND** the caption as follows:

RANDY MCKEE and SHEILA MCKEE, husband and wife,

Plaintiffs,

v.

CHELAN COUNTY, a County existing under Washington Law, and CHELAN COUNTY SHERIFF'S OFFICE, a subdivision of Chelan County,

Defendants.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 29th day of June 2015.

SALVADOR MENDOZA, JR.
United States District Judge