FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Sep 09, 2015
SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RANDALL MCKEE and SHEILA MCKEE, husband and wife,

Plaintiffs,

v.

CHELAN COUNTY, a County existing under Washington law, and CHELAN COUNTY SHERIFF'S OFFICE, a subdivision of Chelan County, and CHELAN COUNTY FIRE DISTRICT NO. 6, a fire district existing under Washington law,

Defendants.

No. 2:14-CV-0204-SMJ

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS CHELAN COUNTY AND CHELAN COUNTY SHERIFF'S OFFICE**

Before the Court, without oral argument, is Defendants Chelan County and Chelan County Sheriff's Office's Motion for Summary Judgment, ECF No. 42. In it, the Defendants argue that the McKees' negligence claim is barred by the public duty doctrine and that they are entitled to judgment as a matter of law on the McKees' 42 U.S.C. § 1983 claim. The court agrees and grants the motion.

This case arises out of a July 2010 fire that destroyed the McKees' property on Nahahum Canyon Road in Chelan County. ECF No. 10. A fire near the McKee property was discovered in the early afternoon on July 30, 2010. The fire was accessible only by Nahahum Canyon Road. County officials instituted a roadblock and a level 3 evacuation order. When he found out about the fire,

McKee drove to his Nahahum Canyon property. On his way, McKee made arrangements to pick up firefighting and suppression equipment. McKee asked to cross the roadblock to get to his property and protect it from the fire. The County officials refused to permit McKee to cross. McKee's property burned. Other property owners were permitted through to retrieve people and livestock or attempt to protect homes.

Randall and Sheila McKee sued Chelan County, the Chelan County Sheriff's Office, and Chelan County Fire District No. 6. The McKees alleged that all three defendants (1) acted negligently and (2) violated 42 U.S.C. § 1983.

This court dismissed the claims against Chelan County Fire District No. 6 with prejudice. ECF No. 55.

The two remaining Defendants, Chelan County and the Chelan County Sheriff's Office, now ask the Court to dismiss the claims against them. ECF No. 42. The Defendants argue that the negligence claim is barred by the public duty doctrine and that the McKees have not stated a valid claim under section 1983.

The Court will grant summary judgment in favor of a moving party who demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it could affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A dispute involving such facts

is genuine when a reasonable jury could find in favor of the non-moving party. *Anderson*, 477 U.S. at 252.

The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to identify specific facts showing there is a genuine issue of material fact. *Anderson*, 477 U.S. at 256.

**A. Negligence claim**

The Defendants argue that the McKees' negligence claim is barred by the public duty doctrine. ECF No. 42 at 3-10.

The threshold determination in a negligence action is whether a duty of care is owed by the defendant to the plaintiff specifically. *Taylor v. Stevens Cnty.*, 111 Wn.2d 159, 163, 759 P.2d 447 (1988).

Under the public duty doctrine, no liability may be imposed for a public official's negligent conduct unless it is shown that the duty breached was owed to the injured person as an individual. *Taylor*, 111 Wn.2d at 163. There are four exceptions to the public duty doctrine by which a governmental entity acquires a special duty to a particular plaintiff or class of plaintiffs: (1) legislative intent, (2) failure to enforce, (3) rescue doctrine, and (4) a special relationship. *Babcock v. Mason Cnty. Fire Dist. No. 6*, 144 Wn.2d 774, 785-86, 30 P.3d 1261 (2001).

The McKees rely exclusively on the legislative intent exception. According to the McKees, chapter 252 of the session laws of 2007 (enacting RCW 36.28A.140 and RCW 47.48.060) evidences a legislative intent to "elevate" the right of landowners to access their property in the event of fire-related roadblocks. ECF No. 47 at 9 (citing 2007 WASH. SESS. LAWS, ch. 252, §§ 1-2). The McKees appear to believe that these statutes divest the county of authority to block landowners' access to their land. The McKees are mistaken. Neither statute evidences a legislative intent to create a mandatory duty to permit landowners to access their land under any circumstances.

RCW 36.28A.140 states that the Washington Association of Sheriffs and Police Chiefs "shall" develop a model policy regarding landowner access during a forest fire or wildfire.

> (1) The Washington association of sheriffs and police chiefs shall convene a model policy work group to develop a model policy for sheriffs regarding residents, landowners, and others in lawful possession and control of land in the state during a forest fire or wildfire. The model policy must be designed in a way that, first and foremost, protects life and safety during a forest fire or wildfire. The model policy must include guidance on allowing access, when safe and appropriate, to residents, landowners, and others in lawful possession and control of land in the state during a wildfire or forest fire. The model policy must specifically address procedures to allow, when safe and appropriate, residents, landowners, and others in lawful possession and control of land in the state access to their residences and land to:
>
> (a) Conduct fire prevention or suppression activities;

> (b) Protect or retrieve any property located in their residences or on their land, including equipment, livestock, or any other belongings; or
>
> (c) Undertake activities under both (a) and (b) of this subsection.
>
> (2) In developing the policy under subsection (1) of this section, the association shall consult with appropriate stakeholders and government agencies.

RCW 36.28A.140. It does not, however, require any county to adopt the model policy or train its officers on the terms of the model policy. But even if it did, the model policy developed by the Association recognizes that landowners may be denied access to their property. It states that if "a person is not on their property or leaves their property during a wildfire or forest fire, the Sheriff, while carrying out their duty to protect peace and safety in the county, may restrict or prohibit access to public and private property." ECF No. 49, Exh. 2.

RCW 47.48.060 states that county sheriffs "may" establish a registry of landowners authorized to access their land until the model policy developed under RCW 36.28A.140 is implemented in the sheriff's county.

> Each county sheriff may, until a model policy pursuant to RCW 36.28A.140 is developed and implemented in the sheriff's county, establish and maintain a registry of persons authorized to access their land during a forest [fire] or wildfire. Upon request, the sheriff must include in the registry persons who demonstrate ownership of agriculture land or forest land within the county and who possess equipment that may be used for fire prevention or suppression activities. Persons included in the registry must be allowed to access their property to conduct fire prevention or suppression activities despite the closure of any state highway, county road, or city street under this chapter.

RCW 47.48.060(1). It clarifies that government entities and employees "are not liable for any action, or failure to act, when facilitating the access described in this section". RCW 47.48.060(2)(b). RCW 47.48.060 is permissive. It does not *require* the county sheriff to do anything. *See* RCW 47.48.060(1) (using the permissive "may" instead of the mandatory "shall"). And it explicitly disclaims any intent to create government liability for acts or failures to act to facilitate landowner access. *See* RCW 47.48.060(2)(b).

Neither statute creates in any defendant a mandatory duty owed to the McKees to permit them access to their property in the event of a fire.

The McKees' negligence claim is barred by the public duty doctrine.

**B. 42 U.S.C. § 1983 claim**

Defendants next argue that Plaintiffs' section 1983 claims are meritless. ECF No. 42 at 10-14.

To prevail on a claim under section 1983, Plaintiffs must prove (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

1. Procedural due process

The McKees assert that they were deprived of their property without due process by the county officials' refusal to permit them to access their property to perform fire prevention and suppression activities. ECF No. 47 at 12.

This argument makes no sense. The government did not deprive the plaintiffs of their property, a fire did. A procedural due process argument under these circumstances is not persuasive.

2. Failure to train

The Plaintiffs next assert that it was the county's policy to ignore the Association's model policy and deny resident and landowner access to property under a level 3 (imminent fire danger, leave now) evacuation order.

> Chapter 252 recognized this heighted recognition of property rights. The County did not recognize the heightened status. The County adhered to the same policy that it had enforced for years—if an area was under a Level 3 evacuation level, residents and landowners would not be given access, period.

ECF No. 47 at 12-13. According to the Plaintiffs, the County's "policy to ignore Chapter 252 results in liability for the County. *Monell v. Department of Social Servs. Of the City of New York*, 436 U.S. 658, 690-91 (1978) (policy or custom by local government gives rise to liability under 42 U.S.C. § 1983)." ECF No. 47 at 13.

The inadequacy of police training may serve as the basis for section 1983 liability on a local government only where the failure to train amounts to

deliberate indifference to the rights of persons with whom the police come into contact. *City of Canton v. Harris,* 489 U.S. 378, 388 (1989). Such a showing depends on three elements: (1) the training program must be inadequate "'in relation to the tasks the particular officers must perform'"; (2) the city officials must have been deliberately indifferent "'to the rights of persons with whom the [local officials] come into contact'"; and (3) the inadequacy of the training "must be shown to have 'actually caused' the constitutional deprivation at issue." *Merritt v. County of Los Angeles,* 875 F.2d 765, 770 (9th Cir. 1989) (internal citations omitted); *see also Connick v. Thompson,* 131 S. Ct. 1350, 1359-60 (2011).

The threshold question on this issue is whether the Plaintiffs' federal constitutional or statutory rights were violated. The Plaintiffs assert that their right to property was violated when it was taken without due process. But, as the Defendants point out, they did not take the Plaintiffs' property, a fire did. The Defendants merely prevented the Plaintiffs from accessing it. The Plaintiffs have cited no case, and the Court has found none, that states a landowner has a federal statutory or constitutional right to access their property under any circumstances.

The Plaintiffs cannot establish that the County's alleged failure to train caused any federal statutory or constitutional deprivation.

3. Substantive due process & equal protection

The McKees also argue that, because the government had no rational basis for denying McKee access to his property, the county violated their rights to substantive due process and to equal protection of law. ECF No. 47 at 15.

For purposes of substantive due process and equal protection, exercises of police power that do not affect fundamental rights are subject to rational basis review. *Witt v. Dep't of Air Force*, 527 F.3d 806, 817 (9th Cir. 2008) (substantive due process); *Jones v. Wash. Interscholastic Activities Ass'n*, 920 F.2d 1496, 1508 (9th Cir. 1990) (equal protection).

The McKees do not argue that access to their property is a fundamental right for federal constitutional purposes. The question, then, is whether the Defendants had a rational basis to deny the McKees access. They did. The property McKee wanted to get to was near an uncontrolled wildfire and under a level 3 evacuation order. "A level 3 Evacuation means **leave immediately**. Danger to your area is current or imminent, and you should leave immediately." CHELAN CNTY. FIRE DIST. NO. 1, GUIDE TO EVACUATION LEVELS, http://www.chelancountyfire.com/wp-content/uploads/2010/07/ccfd1_evacuation_definitions.pdf (emphasis in original). The road McKee wanted to use to drive his equipment to his property was also the only way emergency firefighting personnel could access the fire.

The McKees assert that some landowners were permitted to access their property to retrieve people who had not yet left, protect homes, and protect or evacuate livestock. ECF No. 48 at 10-12. According to the McKees, they were similarly situated to the landowners who were permitted access and that the county's differential treatment violated their right to equal protection of the law.

> There is no justification for distinguishing McKee [from the landowners who were permitted access to their property]. The only difference was that McKee did not have a home or livestock on the property. Again, livestock is personal property enjoying the same status as McKee's personal property and building materials. A review of Chapter 252 does not create a distinction between property owners having structures on their property and property owners with only personal property items.
>
> The County's different treatment of McKee was irrational.

ECF No. 47 at 17. The McKees are mistaken.

The county's decision to permit landowners with homes and livestock on their property to pass through the roadblock and refuse others was rational. There was only one road available to access the property threatened by the fire and the fire itself. Access to that road was a finite resource. And while livestock is considered personal property, that classification does not control this inquiry. Livestock is alive. Building materials are not. The Defendants' decision to value the protection of livestock over the protection of other chattel is rational.

The Plaintiffs' rights to substantive due process and equal protection of law were not violated.

The Plaintiffs' claim under 42 U.S.C. § 1983 fails.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, **ECF No. 42**, is **GRANTED**.
2. **JUDGMENT** is to be entered in favor of Chelan County and the Chelan County Sheriff's Department.
3. All remaining motions in this case are **DENIED as moot.**
4. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 9th day of September 2015.

SALVADOR MENDOZA, JR.
United States District Judge